IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES F. SULLIVAN,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　Civil Action No. 05-1411
　　　　　　　　　　　　　　　　　　)
JAMES WYNDER, Superintendent S.C.I.　)　　　Judge Hardiman
Dallas, THE DISTRICT ATTORNEY OF　　)　　　Magistrate Judge Hay
FAYETTE COUNTY, PA STATE　　　　　)
ATTORNEY GENERAL,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondents.　　　　　　)

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully submitted that the Petitioner's Motion Seeking Permanent Injunction from Transfering [sic] pending Habeas Corpus Proceedings Pursuant to Rule 23 Fed.R.App.P. (doc. 15) should be denied.

REPORT

The Petitioner avers that on April 3, 2006, he was placed in the Restrictive Housing Unit (RHU) "under Administrative Custody" by SCI Dallas personnel due to certain prior conduct by Petitioner involving a relative of another inmate.  Petitioner correctly states the rule governing the transfer of a prisoner during a habeas corpus proceeding, which provides as follows:

> (a)　　**Transfer of Custody Pending Review**.  Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When upon application, a custodian

shows the need for a transfer, the court, justice or judge rendering
the decision under review may authorize the transfer and substitute
the successor custodian as a party.

Fed.R.App.P. 23.  However, Petitioner does not allege that his custodian, James Wynder,

Superintendent at SCI-Dallas, has transferred him or plans to transfer him to another prison

facility where he would be under the custody of a different custodian,  without first seeking

authorization from this court.  There being no case or controversy before the court, the motion

should be denied.  See Armstrong World Industries, Inc. v. Adams, 961 F.2d 405, 410 (3d Cir.

1992)("To satisfy Article III's 'case or controversy' requirement, an action must present '(1) a

legal controversy that is real and not hypothetical, (2) a legal controversy that affects an

individual in a concrete manner so as to provide the factual predicate for reasoned adjudication,

and (3) a legal controversy so as to sharpen the issues for judicial resolution.'  International Bhd.

of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir.1987).").  Where the plaintiff's action is

based on a contingency it is generally said that the case is not ripe for review and, thus, does not

give rise to a case or controversy within the meaning of Article III.  Id. at 411-12.

    As discussed, there is no allegation or evidence presented that Petitioner's

custodian has changed or will change without the approval of the court.  Therefore, the case is

not ripe for review.

    To the extent that Petitioner is arguing that by being placed in administrative

custody his custodian has somehow changed, his argument must fail since his custodian remains

to be Mr. Wynder.  See Yi v. Maugans, 24 F.3d 500, (3d Cir. 1994)("It is the warden of the

prison or the facility where the [individual] is held that is considered the custodian for purposes

of a habeas action.  See Ex Parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243

(1944) (writ is directed to prisoner's "jailer").  This is because it is the warden that has day-to-day

control over the prisoner and who can produce the actual body.  See Brittingham v. United States, 982 F.2d 378 (9th Cir.1992); Guerra v. Meese, 786 F.2d 414 (D.C.Cir.1986).")

For the above stated reasons, the district court should deny Petitioner's Motion Seeking Permanent Injunction from Transfering  [sic] Pending Habeas Corpus Proceeding (doc. 15).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated:  20 April, 2006

cc:    Hon. Thomas Hardiman
       United States District Judge

       James F. Sullivan
       BT-9865
       SCI Dallas
       1000 Folies Road
       Dallas, PA 18612-0286

       Nancy D. Vernon
       District Attorney of Fayette County
       61 East Main Street
       Fayette County Courthouse
       Uniontown, PA 15401