IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES F. SULLIVAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>JAMES WYNDER, et al., )<br>)<br>Respondents. ) | CIVIL ACTION NO. 05-1411<br><br>Judge Thomas M. Hardiman<br><br>Magistrate Judge<br>Amy Reynolds Hay |

## MEMORANDUM ORDER

This is a federal habeas corpus case brought under 28 U.S.C. § 2254 filed by Petitioner, James F. Sullivan. On November 29, 2006, Magistrate Judge Amy Reynolds Hay issued a Report and Recommendation ("R&R") recommending that Sullivan's petition be denied and that a certificate of appealability be denied. (Doc. 23). The parties were granted ten days to file written objections to the R&R. No objections were filed and, on December 28, 2006, this Court entered an Order adopting the R&R as the Opinion of the Court, denying the petition, and denying a certificate of appealability. (Doc. 24). On that same date, the Court also issued an Order pursuant to Rule 58 of the Federal Rules of Civil Procedure entering final judgment in favor of Respondents and against Sullivan. (Doc. 25).

On January 16, 2007, Sullivan filed a document entitled "Motion for Relief from Judgment or Order Pursuant to Federal Rules of Civil procedure 60(a) and/or 60(b) In The Interest of Justice and Judicial Economy." (Doc. 26). Therein, he contends that on December 7, 2006, he delivered to prison officials objections to the R&R, which were to be mailed to this Court for filing. Therefore, his failure to file timely objections was through no fault of his own. He requests that the Court reopen the instant case and review his written objections, which he

has attached as Exhibit A to his motion.

This Court shall treat Sullivan's motion as a motion to reopen the case and review the attached objections as if they had been filed in a timely manner. The Court shall grant that motion and vacate the orders at Docket Numbers 24 and 25.

As required, the Court has carefully examined *de novo* all claims raised by Sullivan in his objections. See 28 U.S.C.§ 636(b)(1). None of them have merit. He simply restates the same issues and arguments that he raised in his petition, which have been considered and are rejected.

In the objections, Sullivan also contends that he is entitled to an evidentiary hearing. Specifically, he argues that he is entitled to an evidentiary hearing to support his claim that his prior counsel provided him with ineffective assistance of counsel for failing to conduct DNA testing on the black hair that was recovered from the victim's body. He claims that testing would show that the hair did not match him.

State prisoners like Sullivan, however, are not automatically entitled to an evidentiary hearing on federal habeas claims and must surmount significant statutory barriers enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") before a district court may conduct such a hearing. See 28 U.S.C. § 2254(e)(2); see e.g., Rolan v. Vaughn, 445 F.3d 671, 680 (3d Cir. 2006). Here, the Honorable Conrad B. Capuzzi presided over a state-court evidentiary hearing on Sullivan's post-conviction claims, including his claims of ineffective assistance of counsel, on October 17, 2003. (Doc. 21, Ex. 3 at 1-99). Because Sullivan had an evidentiary hearing on his claims in state court, he is not entitled to a hearing here. Id.; Roland, 445 F.3d at 680.

Additionally, the Court notes that, even if DNA analysis of the black hair would

demonstrate that the hair did not match Sullivan, he still would not be entitled to habeas relief under Strickland v. Washington, 466 U.S. 668 (1984) and 28 U.S.C. § 2254(d). At the state post- conviction hearing, Sullivan's trial counsel articulated a reasonably strategic reason for why he decided not to have DNA testing conducted on the hair found on the victim. (Doc. 21, Ex. 3 at 56-59). He stated that the defense's strategy throughout the case was to suggest that the victim had been having relations with a number of men, and that therefore there were other individuals that might have had a motive and opportunity to kill her. (Id.) After discussions with Sullivan, counsel determined that the best strategy with regard to the hair was to point out to the jury that the prosecution did not link the hair to the defendant, thus suggesting that it could have come from another individual. (Id.) If the defense had DNA testing conducted on the hair and it matched Sullivan, counsel explained, the defense would have been foreclosed from making that suggestion to the jury and also would have bolstered the prosecution's case. (Id.) Counsel's conduct regarding the black hair was objectively reasonable.

Nor was Sullivan prejudiced by his counsel's decision not to conduct DNA testing on the hair. Even if the Court assumes that DNA analysis would establish that the hair did not match Sullivan, he has not shown that there is a reasonable probability that the jury would have acquitted him had his counsel gathered that evidence and presented it at trial. Although such evidence may have supported the defense's position that the victim was having relations with another man (a suggestion the defense was able to make at trial anyway), it does not exclude Sullivan as the murderer. The prosecution had DNA evidence from another source (the semen from the vaginal swab) that established that Sullivan had contact with the victim shortly before her death. And, he confessed to the crime.

Accordingly, for the reasons set forth above, this 22nd day of January, 2007, it is hereby ORDERED that:

(1) The Court's Orders of December 28, 2006, at Docket Numbers 24 and 25 are **VACATED**;

(2) Petitioner's motion at Docket Number 26, which this Court shall treat as a motion to reopen the case and consider the objections attached at Exhibit A as if they had been timely filed, is **GRANTED**;

(3) The Court overrules Petitioner's objections to the Magistrate Judge's recommendation and the Petition for Writ of Habeas Corpus is **DENIED**;

(4) A Certificate of Appealability is **DENIED**; and,

(5) The Report and Recommendation (Doc. 23) of Magistrate Judge Amy Reynolds Hay, dated November 29, 2006, is adopted as the opinion of the Court, as supplemented herein.

Thomas M. Hardiman
United States District Court Judge
Western District of Pennsylvania

cc: All parties of record